### BOERICKE & RUNYON CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 18, 1903.)

#### No. 3,269.

1. CUSTOMS DUTIES—CLASSIFICATION—HERBS IN ALCOHOL—DRUGS.

*Held*, that certain herbs, imported in kegs, immersed in their natural condition in alcohol for preservation, are not dutiable as "alcoholic compounds," under paragraph 2, Tariff Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627], nor as "drugs * * * advanced in value or condition," under paragraph 20 of said act, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], but under the provision in section 6 of said act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], for "all raw or unmanufactured articles, not enumerated or provided for," at the rate of 10 per cent. ad valorem.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application by Boericke & Runyon Co., importers, for a review of the decision of the Board of General Appraisers (G. A. 5,021), which affirmed the assessment of duty by the collector of customs at the port of New York. Note G. A. 4,327.

Albert Comstock, for importers.

Charles D. Baker, Asst. U. S. Atty.

PLATT, District Judge. This case concerns fresh leaves of aconite and belladonna and fresh roots of bryonia, imported immersed in

alcohol in kegs. They were assessed for duty at 60 cents per pound and 45 per cent. ad valorem, under paragraph 2 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627]), reference being had especially to the language in said paragraph "and alcoholic compounds." The importers claim that said merchandise should have been assessed either at 10 per cent. or at 20 per cent. ad valorem, under section 6, which provides:

"That there shall be levied, collected and paid, on the importation of all raw or unmanufactured articles, not enumerated or provided for in this act, a duty of 10 per centum ad valorem and on all articles manufactured, in whole or in part, not provided for in this act, a duty of 20 per centum ad valorem."

The importers also claimed, alternatively, that the goods are dutiable at 10 per cent. ad valorem and one-fourth cent per pound, under paragraph 20, which provides for "drugs, such as barks, beans, berries, balsams, buds, bulbs, bulbous roots, excrescences, fruits, flowers, dried fibers, dried insects, grains, gums and gum resin, herbs, leaves, lichens, mosses, nuts, nut-galls, roots, stems, spices, vegetables, seeds (aromatic, not garden seeds), seeds of morbid growth, weeds, and wood used expressly for dyeing; any of the foregoing which are drugs and not edible, but which are advanced in value or condition by refining, grinding, or other process, and not specially provided for in this act." If the contents of the kegs as an entirety were used or could be used after arrival, then the position taken by the Board of Appraisers would be sound. But this is not so. I do not think that the article in question is a new preparation, which the board seems to have assumed as undisputed. I am impressed with the importers' contention that these leaves and roots, which the evidence clearly shows are surrounded with alcohol for the purpose of keeping the leaves and roots as exactly as possible in their natural condition, and not for any purpose of changing them, are manifestly not a compound with such alcohol. As imported, the merchandise either consists of natural fresh leaves and roots, kept in that condition for transportation and subsequent use as such, the leaves and roots being substantially the thing imported, and the alcohol a mere vehicle, of no more importance than the cask in which they are packed; or else it consists of the leaves and roots and the alcohol as the factors in a loose and temporary association for the purpose, as aforesaid, of maintaining the roots and leaves in their natural condition and fit to subserve their intended use. On either analysis, it is manifest that there is here no combination, no new whole, no compound body, no union, and no elements, ingredients, or parts so put together as to produce, by combination or otherwise, anything.

The decision of the Board of General Appraisers is reversed, and the merchandise is held properly dutiable at 10 per cent. ad valorem under section 6 of said act.