### UNITED STATES v. STONE & DOWNER CO.

(Circuit Court, D. Massachusetts. May 11, 1909.)

No. 150 (1,833).

CUSTOMS DUTIES (§ 41*)—CLASSIFICATION—HERBS IN ALCOHOL—"ALCOHOLIC COMPOUNDS."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 2, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1627), for "alcoholic compounds," does not include herbs immersed in alcohol. Such merchandise is dutiable under section 6 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), relating to unenumerated unmanufactured articles.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 41.*

For other definitions, see Words and Phrases, vol. 1, pp. 295–296; vol. 8, p. 7570.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The question involved in this case is whether a certain importation at the port of Boston was properly subjected to the duty imposed by the collector of customs under the provision for "chemical compounds" in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 2, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1627). The Board of General Appraisers sustained the importers' contention that it should have been assessed under the provision for unenumerated unmanufactured articles in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

section 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693). The material in controversy was described as follows in the opinion of the Board:

"Upon the evidence taken it appears that 15 kilograms of alcohol, valued at 37.50 marks, was placed in the kegs containing certain belladonna leaves and stalks cut up, and 12 kilograms of alcohol, valued at 30 marks, in the kegs containing aconite leaves and stalks cut up, and that these values were included in the general value on the consular invoice; that the merchandise consists of green belladonna leaves and stalks and green aconite leaves and stalks imported for the purpose of maceration in alcohol and for the purpose of making tinctures and extracts; that the alcohol in which the leaves were first immersed was continued in use in the maceration in this country, while it incidentally served as a preservative in the importation of said leaves, the amount of alcohol so used lessened the quantity of alcohol required for complete maceration."

William H. Garland, Asst. U. S. Atty.

Walden & Webster (Henry J. Webster, of counsel), for the importers.

COLT, Circuit Judge. The decision of the Board of General Appraisers is affirmed, upon the authority of Boericke & Runyon Company v. United States (C. C.) 126 Fed. 1018. The government contends that the evidence before the Board in the case at bar, is not in accord with the facts presumably found by the court in its opinion in Boericke & Runyon Company v. United States. No such inference, however, can be properly drawn from the opinion of the court in Boericke & Runyon Company v. United States, since an examination of the evidence in that case shows substantially the same state of facts as in the case at bar, and the Board of General Appraisers have expressly found that the merchandise is the same.

The decision of the Board of General Appraisers is affirmed.